### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARLETTE DE ANDRADE,**

**Plaintiff,**

**-vs-**                                            **Case No.  6:12-cv-1512-Orl-19DAB**

**JEFFREY R. BECKER, ROBERT D. HIDAY, JEFF J, RICKE, HIDAY & RICKE, PA,**

**Defendants.**

## ORDER

This case comes before the Court upon periodic review.  On October 4, 2012, Plaintiff Arlette de Andrade ("Plaintiff") filed a Complaint against Jeffrey R. Becker, Robert D. Hiday, Jeff J. Ricke, and Hiday & Ricke, PA (collectively "Defendants") for violations of the Fair Debt Collection Practice Act and the Florida Consumer Collection Practices Act.  (Doc. No. 1.)  On October 9, 2012, the Court entered the Related Case Order and Track Two Notice, ordering Plaintiff to comply with Local Rule 1.04(d), and to file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b) within fourteen days from the date of the order.  (Doc. No. 2.)  That same day, the Court also ordered Plaintiff to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement with the Court within fourteen days from the date of the order.  (Doc. No. 3, filed Oct. 9, 2012.)

On November 9, 2012, the Court entered an Order to Show Cause, noting that Plaintiff has "failed to comply with the Court's Orders of October 9, 2012 directing [P]laintiff to review and certify

compliance with Local Rule 1.04" and to "file a Certificate of Interested Persons and Corporate Disclosure Statement." (Doc. No. 10.) Accordingly, the Court ordered the Plaintiff to show cause and to file a response to the October 9, 2012 Orders within 15 days from the date of the Order to Show Cause. (*Id.*) The Court further warned that "[f]ailure to comply with this Order may result in dismissal without prejudice or other appropriate sanctions pursuant to Local Rule 3.10(a)." (*Id.*) By the date of this Order, Plaintiff has not filed a response to the Order to Show Cause, nor has the Plaintiff complied with Local Rule 1.04 or filed a Certificate of Interested Persons and Corporate Disclosure Statement.

A plaintiff has a duty to prosecute his or her case, and a plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with a court order may result in dismissal of the case. FED. R. CIV. P. 41(b); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (internal citation omitted) (finding that a federal court may act *sua sponte* to dismiss a suit for failure to prosecute); LOCAL RULE 3.10(a) (noting that when it appears a case is not being diligently prosecuted, the court may enter an order to show cause why the case should not be dismissed, "and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution"). Here, the Order to Show Cause directed Plaintiff to respond to the Court's Orders of October 9, 2012 and warned that failure to do so within fourteen days could result in dismissal. (Doc. No. 10.) Plaintiff has failed to timely respond to the Order to Show Cause or otherwise comply with Local Rule 1.04 or file a Certificate of Interested Persons and Corporate Disclosure Statement. Accordingly, the case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 3.10.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January ____9____, 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

-2-

Copies Furnished To:

Counsel of Record
Arlette de Andrade